■ In the Matter of DANIEL BADER, Respondent, v. HILDA BADER, Appellant. (Proceeding No. 1.) In the Matter of HILDA BRESLAUER, Appellant, v. DANIEL BADER, Respondent. (Proceeding No. 2.) — In two consolidated proceedings to modify a support order of the Family Court, Bronx County, entered in February, 1965, in which petitioner in proceeding No. 1 sought a downward modification and petitioner in proceeding No. 2 sought an upward modification, the latter appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County, dated May 13, 1971, as reduced the support payments for the now 17-year-old son of the parties from $22 to $15 per week. Order reversed insofar as appealed from, on the facts, without costs, and application in proceeding No. 1 denied (in effect striking from the order the first decretal paragraph and reinstating the weekly amount for support to $22 per week). In our opinion, there was not such a change in circumstances of the parties as to warrant the reduction in the father's support obligation. Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.

■ In the Matter of the Estate of CLARA V. BROOKS, Deceased. JAMES H. BROOKS, Appellant; ALICE A. McVEIGH et al., as Executors of CHARLES S. McVEIGH, Deceased Trustee, et al., Respondents.— Appeal, as limited by appellant's brief, from so much of a decree of the Surrogate's Court, Westchester County, entered October 29, 1971, as adjudged that he is not included within the term "issue" as used in Article Fifth of the will of Clara Vail Brooks, deceased, as not entitled to share therein. Decree affirmed insofar as appealed from, with costs to respondents, payable out of the trust estate. (See *Matter of Brooks*, 39 A D 2d 942.) Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■ In the Matter of the Estate of HENRY S. BROOKS, Deceased. JAMES H. BROOKS, Appellant; ALICE A. McVEIGH et al., as Executors of CHARLES S. McVEIGH, Deceased Trustee, et al., Respondents — Appeal, as limited by appellant's brief, from so much of a decree of the Surrogate's Court, Westchester County, entered October 29, 1971, as adjudged that he is not included within the term "issue" as used in Article Seventh of the will of Henry Stanford Brooks, deceased, and not entitled to share therein. Decree affirmed insofar as appealed from, with costs to respondents, payable out of the trust estate (*Matter of Carll*, 34 A D 2d 793, affd. 27 N Y 2d 917). Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.